IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01100-BNB

ABRAHAM OLIVAS-SEPULBEDA,

     Applicant,

v.

THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondent.

---

SECOND ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCY

---

     Applicant, a Colorado state prisoner, initiated this action by filing *pro se* an

Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and

a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in

a Habeas Corpus Action (ECF No. 2).  On April 18, 2014, the court entered an order

directing Applicant to cure certain deficiencies if he wishes to pursue his claims in this

action.  In particular, the court noted that Applicant failed to submit a certificate showing

the balance in his inmate account in support of the 28 U.S.C. § 1915 motion, he failed to

assert any claims for relief in the habeas corpus application, and the caption of the

application was blank.

     On May 15, 2014, Applicant filed in this action a Prisoner's Motion and Affidavit

for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 5) that includes a copy of

his inmate trust fund account statement and he tendered to the court a Prisoner

Complaint (ECF No. 6).  Applicant does not assert any specific claims for relief in the

Prisoner Complaint but he indicates that the relief he is seeking is to have his state and federal sentences run concurrently.  (*See* ECF No. 6 at 8.)

Applicant has not cured all of the deficiencies as directed because he has not filed on the proper form an application for a writ of habeas corpus that identifies the specific claims he is asserting and that includes specific factual allegations in support of those claims.  Because Applicant is seeking habeas corpus relief, he must file a pleading using the proper, court-approved habeas corpus application form.  Applicant may not assert habeas corpus claims in a Prisoner Complaint.  If the relief Applicant seeks relates to the execution of his state or federal sentences, he must file an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  If, instead, Applicant is challenging the validity of his state court conviction or sentence, he must file an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  The Court's local rules require unrepresented parties to "use the forms . . . posted on the court's website."  D.C.COLO.LCivR 5.1(c).

Applicant will be given one more opportunity to cure the remaining deficiency in this action by filing on the proper, court-approved form an application for a writ of habeas corpus.  Regardless of whether he is asserting habeas corpus claims pursuant to § 2241 or § 2254, Applicant must name a proper Respondent to respond to the claims he is asserting.  Applicant also must identify the specific constitutional claims he is asserting and the specific factual allegations that support those constitutional claims.  Accordingly, it is

ORDERED that Applicant cure the remaining deficiency in this action **within thirty (30) days from the date of this order**.  It is

2

FURTHER ORDERED that Applicant shall obtain the proper, court-approved habeas corpus application form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Applicant fails to cure the remaining deficiency within the time allowed, the action will be dismissed without further notice.  The dismissal shall be without prejudice.

DATED May 21, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

3