IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01100-BNB

ABRAHAM OLIVAS-SEPULBEDA,

      Applicant,

v.

ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondent.

---

ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED APPLICATION

---

      Applicant, Abraham Olivas-Sepulbeda, is a prisoner in the custody of the Colorado Department of Corrections.  Mr. Olivas-Sepulbeda initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1).  On June 20, 2014, Mr. Olivas-Sepulbeda filed an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 8).

      The court must construe the amended application liberally because Mr. Olivas-Sepulbeda is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Mr. Olivas-Sepulbeda will be ordered to file a second amended application if he wishes to pursue his claims in this action.

      In the original application Mr. Olivas-Sepulbeda indicated he was challenging the validity of a Colorado state court conviction but he did not assert any specific claims for

relief.  Mr. Olivas-Sepulbeda indicates in the amended application that he is challenging the validity of his federal conviction in the United States District Court for the Eastern District of Missouri.  (*See* ECF No. 8 at 1-2.)  Mr. Olivas-Sepulbeda also does not assert any specific claims in the amended application and he does not specify the relief he is seeking in this action.

Mr. Olivas-Sepulveda must file a second amended application that clarifies the conviction he is challenging, the specific claims he is asserting, and the specific relief he is seeking.  Mr. Olivas-Sepulbeda may not challenge the validity of both his state and federal convictions in one action.  If Mr. Olivas-Sepulbeda asserts claims challenging the validity of his state court criminal conviction or sentence, the claims must be asserted in a habeas corpus application pursuant to 28 U.S.C. § 2254.  *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).  If Mr. Olivas-Sepulbeda is asserting claims challenging the validity of his federal conviction or sentence, he may not assert those claims pursuant to § 2254.  Mr. Olivas-Sepulbeda may be able to assert claims challenging the validity of his federal conviction or sentence in a habeas corpus action pursuant to 28 U.S.C. § 2241.  However, he may not assert claims challenging the validity of his federal conviction or sentence in a habeas corpus action pursuant to § 2241 in this court unless the remedy available to him in the sentencing court pursuant to 28 U.S.C. § 2255 is inadequate or ineffective.  *See Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) ("[t]he exclusive remedy for testing the validity of a [federal] judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255"); *see also* 28 U.S.C. § 2255(e).

It also is possible that Mr. Olivas-Sepulbeda intends to assert claims challenging

the execution of his state or federal sentences because he has tendered to the court another confusing pleading indicating he seeks to have his state and federal sentences run concurrently.  (*See* ECF No. 6.)  If Mr. Olivas-Sepulbeda asserts claims challenging the execution of his state or federal sentences, the claims properly are asserted in a habeas corpus action pursuant to § 2241.  *See Montez*, 208 F.3d at 865.

Regardless of the statutory authority for his claims in this action, Mr. Olivas-Sepulbeda must provide specific factual allegations that support each asserted claim. Habeas corpus relief is warranted only if Mr. Olivas-Sepulbeda "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3). Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, which apply even if he is asserting claims pursuant to § 2241, Mr. Olivas-Sepulbeda must provide specific factual allegations in support of the federal constitutional claims he is asserting.  These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'"  *Id.* at 656 (quoting 28 U.S.C. § 2243).

Although the court must construe *pro se* pleadings liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Furthermore, naked allegations of constitutional violations are not cognizable in a habeas corpus action.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th

Cir. 1992) (per curiam).  If Mr. Olivas-Sepulbeda fails to file a second amended application on the proper form or if he fails to clarify the specific claims he is asserting and the specific factual allegations that support each asserted claim, the action will be dismissed without prejudice and without further notice.  Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Mr. Olivas-Sepulbeda file a second amended application that complies with this order.  It is

FURTHER ORDERED that Mr. Olivas-Sepulbeda shall obtain the proper, court-approved habeas corpus application form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Olivas-Sepulbeda fails within the time allowed to file a second amended application that complies with this order, the action will be dismissed without further notice.

DATED June 26, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge